IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| PREMIER INPATIENT PARTNERS LLC, (D.A.Z.) | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION FILE NO. |
| v. | ) ) _____ ) |
| AETNA HEALTH AND LIFE INSURANCE COMPANY, | ) [Removal from County Court, ) Hillsborough County, Civil Division, ) Case No. 18-CC-068163 Division M) |
| Defendant. | |

## NOTICE OF REMOVAL

Without waiving any available defenses, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Aetna Health and Life Insurance Company ("Aetna" or "Defendant") hereby removes this action from the County Court, Civil Division of Hillsborough County, Florida, to this Court. This action is removable to this Court, and this Court has jurisdiction, because Plaintiff's Complaint could have been originally filed in this Court pursuant 28 U.S.C. §§ 1331 and 1441(a). In support of this Notice of Removal, Defendant states as follows:

## BACKGROUND

1. On or about December 31, 2018, Plaintiff Premier Inpatient Partners, LLC ("Premier") filed its Complaint in the County Court in and for Hillsborough County, Civil Division.

2. Aetna was served with the Summons and Complaint on January 14, 2019, along with copies of Plaintiff's Requests for Admissions, Interrogatories, Requests to Produce Documents and Email Designation. A copy of the Complaint captioned *Premier Inpatient*

*Partners, LLC, (N.L.) v. Aetna Health and Life Insurance Company.,* Civil Action No. 18-CC-068163 Division M, and all attached documents, are attached as Exhibit "A."

3. No other pleadings have been filed in the County Court as of the date of this Notice of Removal.

4. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all available process and pleadings filed in the County Court in and for Hillsborough County, Florida, as of the date of the filing of this Notice of Removal are attached as Exhibit "A."

5. This case involves an employer-sponsored health plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 18, *et. al*. Plaintiff's Complaint expressly seeks benefits under the ERISA Plan, and its claims relate to the processing and denial of ERISA claims for benefits. In enacting ERISA, Congress intended to include broad preemptive effect, and ERISA expressly provides that any state law cause of action that that "duplicates, supplements, or supplants" ERISA is in conflict with Congress' intent and therefore is preempted. Although Plaintiff's claims are presented as state law claims, they are completely preempted by ERISA.

## THE PARTIES AND CLAIMS ALLEGED

6. Plaintiff is a health care provider that alleges it provided health care services to a patient covered by a health insurance policy between the patient and Aetna. (Complaint, ¶¶ 5-6). Plaintiff further alleges that it did not have a participation agreement with Aetna, and therefore was a "non-participating" provider. (Complaint, ¶¶ 9-10).

7. Aetna is a health maintenance organization ("HMO") that offers and administers health plans in Florida, including "employee welfare benefit plans" established and maintained by employers to provide medical benefits to individuals because of their employment status and

their eligible beneficiaries governed by ERISA. (McNamara Affidavit, ¶¶ 3-4, attached hereto as Exhibit "B"). This case involves alleged medical services provided to a beneficiary under an employer sponsored employee welfare plan governed by ERISA. *Id.*

8. Plaintiff alleges that this is an action for allegedly unpaid or **"underpaid health care claim(s) pursuant to a policy of insurance (contract). . ."** (Complaint, ¶ 1). Plaintiff further alleges that it the member had a contract of insurance with Aetna, that it provided medical services to the ERISA beneficiary, and Aetna failed to pay for services provided to Aetna's member. (Complaint, ¶¶ 5, 13-15). Thus, Plaintiff's claims relate to the processing and denial of ERISA claims.

9. Plaintiff's Complaint expressly alleges that it submitted an electronic claim directly to Aetna on or about July 14-20, 2018, and it expected direct payment from Aetna. (Complaint, ¶ 13).

10. The electronically submitted claim form has certain code and entries on it to show what treatment was provided. (McNamara Affidavit, ¶ 5 and attached Exhibit 1, attached hereto as Exhibit "B"). When an assignment of benefits from the patient to the provider exists, it is shown in Aetna's electronic workflow management system the workflow management system. The screen shot of the electronically submitted claim has a designation of "Assign A" at the bottom. *Id.* This designation indicates that the provider submitting the claim has an assignment from the patient at issue. *Id.*

11. Plaintiff's allegations make clear that it is a claim for benefits pursuant to the ERISA Plan at issue. Plaintiff alleges that "this is an action to recover underpaid health care claims(s) pursuant to a policy of insurance (contract) . . ." (Complaint, ¶ 1). Plaintiff specifically

alleges that Aetna "was a health maintenance organization" and "patient/member was a contracting party with the Defendant [Aetna]." (Complaint, ¶¶ 4-5).

12. Plaintiff seeks payment for medical services allegedly provided to a beneficiary of an ERISA plan offered or administered by Aetna. (Complaint, ¶¶ 5-6).

13. Plaintiff further alleges that it is entitled to attorneys' fees pursuant to Fla. Stats. §§ 627.428 and 641.28. (Complaint, ¶ 24). Fla. Stat. § 641.28 provides that a prevailing party may recover fees in an action "to enforce the terms and conditions of a health maintenance organization contract." Similarly, Fla. Stat. § 627.428 allows for fees by an "insured or beneficiary" (or assignee). Thus, Plaintiff proclaims that it is a "beneficiary" or assignee attempting to "enforce" the terms and conditions of the Plan.

14. Plaintiff's Complaint further concludes that it is entitled to payment for its alleged health care claims made pursuant to the ERISA plan at issue for its alleged treatment to Aetna's member.

**PREEMPTION UNDER ERISA**

15. An employee benefit plan falls under ERISA as long as that plan is established or maintained by an employer or employee organization that is engaged in commerce or in any industry or activity affecting commerce, and the statute explicitly includes plans provided through the purchase of medical insurance. *See* 29 U.S.C. §§ 1002(1), 1003(a); *Randol v. Mid-West Nat'l Life Ins. Co.,* 987 F.2d 1547, 1550-51, n. 5(11th Cir. 1993). The statute states that its provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" which is described in the statute and which is not exempt from its provisions. 29 U.S.C. § 1144(a). A cause of action for reimbursement of benefits under an ERISA plan, even if couched as a claim for relief under state law, is completely preempted by

ERISA and converted to a federal cause of action. *See, Met. Life Ins. Co. v. Taylor,* 481 U.S. 58, 67 (1987). Such federal question jurisdiction makes this case removable to this court. *Id.*

16. The claims at issue in this case are claims submitted by Plaintiff for services rendered to a patient who is enrolled in an employer-sponsored welfare plan governed by ERISA. (McNamara Affidavit, ¶¶ 3-4). This employer-sponsored healthcare plan is governed exclusively by ERISA, which "comprehensively regulates employee pension and welfare plans." *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 732 (1985).

17. An "employee welfare benefit plan" is defined at Section 1002(1) of Title 29 of ERISA as follows:

> Any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer....to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise (A) medical, surgical, or hospital care or benefits in the event of sickness, accident, disability, death, or unemployment....

18. A defendant may remove a state cause of action to federal court if ERISA "completely preempts" the state law claims. *Metropolitan Life. Ins. Co. v. Taylor,* 481 U.S. 58, 63-64 (1987). Section 502(a) of ERISA, 29 U.S.C. § 1132(a) completely preempts state law claims alleging a right to recover benefits under employee welfare benefit plans. *See Taylor,* 481 U.S. at 63-66.

19. ERISA preemption under Section 502(a) recognizes the well-known federal policy that employee benefit plans should be governed by uniform federal law. Accordingly, Congress enacted ERISA with a broad preemptive force that "'converts an ordinary state common law claim into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Aetna Health Inc. v. Davila,* 542 U.S. 200, 209 (2004)); *Gables Ins. Recovery v. United Healthcare Ins. Co.,* 39 F.Supp.3d 1377, 1383 (S.D. Fla. 2013) (internal citations omitted)

(Congress enacted ERISA with a preemptive force that "is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."); *see also Lee Memorial Health Sys. v. Blue Cross and Blue Shield of Fla., Inc.,* 248 F.Supp.3d 1304, 1313 (M.D. Fla. 2017).

20. The Supreme Court has held that a state law claim is completely preempted under § 1132 of ERISA if: (1) the plaintiff, at some point in time, could have brought his claim under ERISA's civil enforcement provision, and (2) the state law claims are "not entirely independent of the federally regulated [ERISA plan] itself." *Davila,* 542 U.S. at 209-10; *see also, Conn. State Dental Ass'n v. Anthem Health Plans, Inc.,* 591 F.3d 1337, 1346 (11th Cir. 2009)(adopting U.S. Supreme Court's two-part test in *Davila*).

21. ERISA preemption cannot and does not hinge "on the particular label affixed to [state law claims]" because any such approach "would elevate form over substance and allow parties to evade the pre-emptive scope of ERISA" by artful pleading. *Davila,* 542 U.S. at 214. Each of Plaintiff's claims is based on its allegation that payment for certain of its services has been denied in violation of the terms of the HMO agreements.

**Plaintiff Could Have Brought its Claims under Section 502(a) of ERISA.**

22. The first prong of the *Davila* test is satisfied where a plaintiff "could have" brought its claims under ERISA. Under ERISA, a civil action may be brought by a "participant or beneficiary." 29 U.S.C. § 1132(a)(1)(B). A "beneficiary" is defined under ERISA as someone who is "designated by a plan participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *See,* 29 U.S.C. § 1002(8).

23. Plaintiff stands in the shoes of the ERISA plan participant and is therefore a "beneficiary" of the plan. A "beneficiary" is defined under ERISA as someone who is

"designated by a plan participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *See,* 29 U.S.C. § 1002(8). Plaintiff alleges that it is a party that is "entitled to a benefit" under the terms of the underlying HMO.

24. Plaintiff does not dispute that it has obtained an assignment of benefits from its patient. (*See,* McNamara Affidavit, ¶ 5). Any assertion by Plaintiff that it is bringing its claims in its independent status as a non-contracted provider and does not rely on the assignment fails. Plaintiff, "whether voluntarily or involuntarily, still retains derivative standing to sue under ERISA's statutory scheme." *Rodriguez v. Health Options, Inc.*, No. 03-20429-Civ-Moreno, p. 7 (S.D. Fla. Aug. 29, 2003)

25. Where a provider obtains an assignment of benefits, it can obtain standing under ERISA. *LaLey Recovery Systems-OB, Inc. v. Aetna Health Ins. Co.,* No. 14-23349-CIV, 2014 WL 5523128, *3 (S.D. Fla. Oct. 31, 2014). In *LaLey,* the court held that where the provider submitted claim forms that indicated that it received an assignment of benefits from the patient, the provider had standing under ERISA. The Eleventh Circuit in *Connecticut State Dental Assoc.* 591 F.3d at 1351, also held that claim forms authorizing payment of patient's benefits to the provider "suffice to show an assignment of benefits by" the provider's patients. *See also Borrero v. United Healthcare of New York, Inc.,* 610 F.3d 1296, 1301 (11th Cir. 2010); (finding similar claim form sufficient to confer standing on providers). As the Eleventh Circuit noted, "all one needs for standing under ERISA is a colorable claim for benefits, and '[t]he possibility of direct payment is enough to establish subject matter jurisdiction.'" *Connecticut State Dental Assoc.,* 591 F.3d at 1353 (citing *Kennedy v. Connecticut General Life Insurance Co.,* 924 F.2d 698 (7th Cir. 1991)). Plaintiff submitted claims *directly* to Aetna, and expected *direct* payment. (Complaint, ¶¶ 13; 18).

Plaintiff "could have" (and should have) brought its claims under ERISA, as required by *Davila*. Plaintiff has more than a "colorable" claim for benefits. It has a cognizable claim to assert under the ERISA civil remedy scheme as a third-party beneficiary and an assignee of its patient's plan benefits. A complaint is preempted where, "[r]egardless of the label that Plaintiff frames this lawsuit, at its core, it seeks to remedy the denial of ERISA plan benefits." *Rodriguez v. Health Options, Inc.*, No. 03-20429-Civ-Moreno, p. 7 (S.D. Fla. Aug. 29, 2003) Allowing a Plaintiff to "hold itself out as an assignee of ERISA benefits such that it could receive direct payments from insurance companies, but escape ERISA entirely when attempting to collect these payments. . . [would] be illogical and contrary to the interests of justice." *Spring E.R., LLC v. Aetna Life Ins. Co.,* No. H-09-2001, 2010 WL 598748, at *6, n.3 (S.D. Texas Feb. 17, 2010); *See also, Jacobs v. Highmark Health,* No. 1:14-cv-24725, 2015 WL 12699875 (S.D. Fla. March 12, 2015)(rejecting attempt to "repudiate" assignment, finding that plaintiff "could have" brought claims ERISA).

### **Plaintiff's Claims are not Independent of ERISA.**

26. Under the principles announced by the Supreme Court in *Davila,* Plaintiff's claims also do not arise "independent" of the ERISA plans. Plaintiff's Complaint makes clear that it derivatively seeks allegedly unpaid healthcare benefits. The Complaint specifically alleges it is entitled to "recover underpaid health care claim(s) pursuant to a policy of insurance (contact) . . ." (Complaint, ¶ 1). Put simply, the very basis of Plaintiff's claims is the Plan, and payment ultimately hinges on the existence of the Plan.

27. Numerous courts have found similar state law claims preempted, where the claims seek allegedly unpaid benefits. *See, e.g., In re Managed Care Litigation,* 2009 WL 205058, *5 (S.D. Fla. Jan 23, 2009)("reimbursement and related claims involving services provided to

ERISA beneficiaries on a non-participating basis may be pursued only through ERISA's civil enforcement provision.") (citations omitted); *Current Wave Medical Systems, Inc. v. Cigna Corp.,* No. 8:07-cv-1102-T-26EAJ, 2007 WL 5389120 (M.D. Fla. Aug. 3, 2007) (ERISA completely preempted durable medical equipment supplier's state law claims for breach of contract under Florida's Prompt Pay Act seeking allegedly "unpaid benefits" for supplies furnished to various patients enrolled in employee welfare benefit plans); *Rodriguez v. Health Options, Inc.*, No. 03-20429-Civ-Moreno (S.D. Fla. Aug. 29, 2003) (ERISA preemption triggered on basis of non-network doctor's claims for payment from ERISA plan where plaintiff physician lacked his own independent contract with the defendant HMO); *Krasny v. Waser,* 147 F.Supp.2d 1300, 1308 (M.D. Fla. 2001)(relief is akin to that which is available under ERISA where "the acts" complained of by the plaintiff "include a denial of benefits due under an ERISA plan").

28.  A claim for breach of contract "brought in a provider's capacity as assignee or third party beneficiary . . . is completely preempted by ERISA." *Torrent and Ramos, M.D., P.A. v Neighborhood Health Partnership, Inc.* No. 05-21668-CIV, 2005 WL 6358852 (S.D. Fla. Sept. 2, 2005). As shown on the face of the Complaint, Plaintiff's claims seek unpaid benefits for medical services provided to an ERISA beneficiary. As a result, they are completely preempted and may be pursued only thought ERISA's civil enforcement provision.

29.  Plaintiff's allegation of a purported violation of Florida statutory law cannot and does not render its claims "independent." The court in *Weinberger v. Aetna Health, Inc.,* No. 06-20249-CIV, 2008 WL 11333422, at *7 (S.D. Fla. Apr. 15, 2008), *report and recommendation adopted,* No. 06-20249-CIV, 2008 WL 11333408 (S.D. Fla. May 27, 2008) was faced with nearly identical allegations, and held that Plaintiff's claims were completely preempted.

Plaintiffs in that case were non-network providers who provided medical emergency services to Aetna's insureds.  As here, Plaintiffs alleged that Aetna failed to reimburse them in accordance with Fla. Stat. § 641.513.  *Id.* at *2.  The court held that Plaintiff's claim for alleged violation of Fla. Stat. § 641.513 was completely preempted, because they sought relief that was "akin to ERISA" where the claims related "to the processing and denial of ERISA claims for benefits." *Id.* at *9.  The court noted that "the very purpose of the complete preemption doctrine disregards the well-pleaded complaint rule and looks beyond the pleadings to uncover the federal cause of action at the heart of the matter."  *Id.*

30. Similarly, in *Rodriguez v. Health Options, Inc.,* Case No. 03-20429-CIV-MORENO (S.D. Fla. Aug. 29, 2003), the plaintiff also sought to assert a direct action under Fla. Stat. § 641.513.  The court held that the Non-Network Providers' claims under § 641.513 constituted actions to recover ERISA benefits, and were therefore preempted.  Plaintiff's claims in that case, as here, "clearly relate to the processing and denial of ERISA claims for benefits." *Id.* at 8-9.  As held by the *Rodriguez* court, "*a simple allegation of violation of Florida statutory provisions does not automatically remove the claims from ERISA's shadow*." *Id.*  Here, Plaintiff specifically alleges that it is entitled to recover health care benefits "pursuant to a policy of insurance (contract) (Complaint, ¶ 1).

31. Regardless of how Plaintiff couches its claims, at their core, each of Plaintiff's claims is a dispute over benefits payable from an employer's health benefit plan. Plaintiff seeks to remedy the denial of ERISA plan benefits.  Even Plaintiff's demand for attorneys' fees demonstrates that it is attempting to enforce the Plan.  *See, Singh v. Prudential Health Care Plan, Inc.,* 335 F.3d 278, 291 (4th Cir. 2003).  ("The jurisdictional aspect of ERISA's remedial

scheme, which overpowers even the well-pleaded complaint rule, cannot itself be overpowered by clever or fortuitous maneuvers.").

32. Accordingly, Plaintiff's claims are completely preempted and this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

33. Aetna was served with a copy of Plaintiff's Complaint on January 14, 2019. *See* Exhibit A. This Notice is filed within thirty (30) days of Defendant being served with the Summons and Complaint pursuant to 28 U.S.C. § 1446(b)(1). Accordingly, this Notice of Removal is timely filed in accordance with 29 U.S.C. § 1446(b).

34. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all available pleadings filed in the County Court in and for Hillsborough County, Florida at the time of the filing of this pleading are attached hereto as Exhibit "A."

35. Venue in this district and division is proper under 28 U.S.C. § 1441(a) because the County Court is located within Hillsborough County, Florida, which is one of several counties found within the Tampa Division of the Middle District of Florida. Therefore, this Court has original jurisdiction over the action and it is the Court for the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

36. A true and correct copy of this Notice of Removal will be filed with the Clerk of the County Court of Hillsborough County, Florida, in accordance with 28 U.S.C. § 1446(d), along with a notice of that filing, a copy of which will be served on all parties.

37. In filing this Notice of Removal, Defendant does not waive, and specifically reserves, any and all defenses, exceptions, rights, and motions. Defendant expressly reserves the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal

Rules of Civil Procedure.  No statement or omission in this Notice of Removal shall be deemed an admission of any allegations leveled or damages sought in the Complaint.

## CONCLUSION

WHEREFORE, based on the foregoing, Defendant Aetna Health and Life Insurance Company, respectfully removes this action from the County Court of Hillsborough County, Florida, to this Court.

Respectfully submitted this 30th day of January, 2019.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL**

/s/     *Cindy Duque Bonilla*
Cindy Duque Bonilla
Florida Bar No.: 0576697
Email: cbonilla@wwhgd.com
Jennifer A. Adler
Florida Bar No. 126285
Email: jadler@wwhgd.com
255 South Orange Avenue, Suite 1260
Orlando, Florida 32801
Telephone: (407) 734-7000
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 30th, 2019, a true and correct copy of the foregoing was filed and served with the Clerk of the Court using the CM ECF system which will send notification of such filing by electronic mail on all counsel or parties of record.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL**

/s/     *Cindy Duque Bonilla*
Cindy Duque Bonilla
Florida Bar No.: 0576697

## SERVICE LIST

Daniel B. Smith, Esq.
MORGAN & MORGAN
3705 North Himes Avenue
Tampa, FL 33602
Phone:  (813) 877-8600
Email:  dansmith@forthepeople.com
kboussebaa@forthepeople.com
*Attorney for Plaintiff*